

**Katten**
Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067
310.788.4400 tel
www.kattenlaw.com

JOEL R. WEINER
Joel.weiner@kattenlaw.com
310.788.4522 direct
310.712.8414 fax

March 18, 2019

**BY ECF**

Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Monbo, et al. v. Nathan, et al.,* Case 1:18-cv-05930-MKB-ST
            Request for Pre-Motion Conference on Motion to Dismiss
            (Pursuant to Paragraph 3.A. of the Court's Individual Practices and Rules)

Dear Judge Brodie:

We are counsel for defendants Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Will Smith, and Sony Pictures Entertainment Inc. (collectively, the "SPE Defendants").

We request a pre-motion conference regarding a motion to dismiss the Complaint pursuant to FRCP 12(b)(6), 12(b)(1) and 12 (b)(2). The basis for the motion is summarized in the attached pages.

Respectfully,


Joel R. Weiner



CC: Counsel of Record (by ECF)

## SUMMARY OF BASIS FOR MOTION TO DISMISS COMPLAINT

Plaintiffs are two individuals who allege they own two copyrighted documentary films entitled "12 O'Clock Boyz" and "12 O'Clock Boyz: The Paparazzi Edition" (the "Plaintiffs' Films"), made in 2001 and 2003, about a group of urban dirt bike riders in Baltimore, Maryland. They also claim to hold certain trademark rights in the phrase "12 O'Clock Boyz."

Plaintiffs allege that in 2013, certain defendants, but not any of the SPE Defendants, made a documentary entitled "12 O'Clock Boys" (the "2013 Documentary") about dirt bike riders in Baltimore, and that this film has been released throughout the United States. Plaintiffs allege that the 2013 Documentary used clips, characters, scenes, phrases and other elements from the Plaintiffs' Films without consent and that this violated Plaintiffs' copyrights and trademarks.

The Complaint does not allege that the SPE Defendants participated in the production or distribution of the 2013 Documentary. Despite this, Plaintiffs are bringing claims against the SPE Defendants, apparently because the SPE Defendants have purchased the right to make a narrative (non-documentary) film based on the 2013 Documentary (the "2019 Film") and are in the process of making the 2019 Film. Plaintiffs speculate "on information and belief" that the 2019 Film, when completed and released, might possibly infringe their rights in unspecified ways. Such claims are speculative, premature and should be dismissed on at least the following grounds.

I.  **Plaintiffs' Complaint Recites Mere Legal Conclusions Against The SPE Defendants.**

FRCP Rule 8(a)(2) requires that a plaintiff lay out more than mere legal conclusions:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); see *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008).

The Complaint completely fails that test when it comes to the SPE Defendants. Only paragraph 77 gives any indication of the bases for Plaintiffs' claim that the SPE Defendants violated the Plaintiffs' rights by making the 2019 Film:

77. Upon information and belief, Defendants will incorporate numerous elements of the Plaintiffs' 12 O'Clock Boyz Copyrighted Works into Defendants' Feature adaptation, including but not limited to the settings, concepts, characters, feel and mood.

That is it – a mere allegation repeating elements of a claim for substantial similarity under copyright, with not a single actual fact, such as similar characters, dialogue, scenes, or anything that could even hint at copyright infringement. And on information and belief as well.

Such barebones allegations do not meet the requirements of Rule 8 as laid out in *Ashcroft*, *Burch* and a plethora of other cases. See also *National Business Development Services, Inc. v. American*

1

*Credit Education and Consulting, Inc.*, 299 Fed.Appx. 509, 512 (6th Cir. 2008) ("Plaintiff's complaint amounts to no more than a speculative claim that Defendants may have produced some work that in some way infringed upon Plaintiff's works. This pleading is insufficient, and Plaintiff's action must be dismissed."); *see also, Center for Discovery Inc. v. DP*, 16-cv-3936, 2018 WL 1583971, *5, *16 (E.D.N.Y. Mar. 31, 2018) (Judge Brodie) (failure to state a claim and ripeness).

II. **Plaintiffs' Claim That A Motion Picture That Has Not Yet Been Released Will Be Infringing Is Not Ripe.**

It is not surprising that Plaintiffs do not point to any particular part of the 2019 Film that they claim is infringing, because the 2019 Film has not yet been completed and released. Instead, Plaintiffs speculate that, when released, the 2019 Film "will incorporate" elements of their works. Such a speculative claim about an event that has not yet happened is not ripe and should be dismissed.

"In considering whether a claim is ripe, we consider (1) 'the fitness of the issues for judicial decision' and (2) 'the hardship to the parties of withholding court consideration.'" *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 104 (2d Cir. 2014).

In *Authors Guild*, the plaintiffs claimed that a project for so-called Orphan Works, which would make available online works still under copyright but no longer available in print, violated the rights of its members, even though the project had been abandoned. The District Court had held that the claim was not ripe: "Were I to enjoin the [creation of the allegedly infringing project], I would do so in the absence of crucial information about what [the allegedly infringing] program will look like should it come to pass and whom it will impact." *Authors Guild, Inc. v. HathiTrust*, 902 F. Supp. 2d 445, 455 (S.D.N.Y. 2012). In affirming, the Second Circuit stated:

> Even assuming, *arguendo,* that "[a]ny iteration of the OWP under which copyrighted works are made available for public view and download" would infringe *someone's* copyright, *id.,* it does not follow that the OWP will inevitably infringe the copyrights held by the remaining plaintiffs in this case. It is conceivable that, should the University of Michigan ever revive the OWP, the procedures it ultimately implements to identify orphan works would successfully identify and exclude works to which a plaintiff in this suit holds a copyright. Consequently, we cannot say that any of the plaintiffs face a "certainly impending" harm under our ripeness analysis.

755 F.3d at 104.

*Kelly v. Univ. Press of Mississippi*, 2016 WL 4445986, at *4 (C.D. Cal. Aug. 16, 2016), found that plaintiff's claim of infringement based on defendant's alleged use of copyrighted interviews in a "forthcoming" book was not ripe because (1) defendant was in the "process of researching and selecting interviews for the Future Book, however, and ha[d] not made any final decisions yet on what interviews to include in the Future Book" (2) "[a]nd even more critically, the Court lacks sufficient facts to determine which Interviews will be included in the Allegedly Infringing Book, or what form they may take." Because "any judgment of infringement necessarily rests on 'contingent future events that may not occur as anticipated, or indeed may not occur at all,'" plaintiff's claim was not ripe. *see also, Center for Discovery, supra,* 2018 WL 1583971, *16.

2

Like *Author's Guild* and *Kelly*, Plaintiffs are suing on a work that has not been completed, that may not use anything from the 2013 Documentary or if it does, may use elements that have nothing to do with Plaintiffs' Films or even if they do, may be fair use or otherwise not infringing. Indeed, for the Court to analyze Plaintiffs' claims it would have to compare Plaintiffs' Films and the 2019 Film to see if there is substantial similarity between the two, which at this point is impossible since there is no 2019 Film to compare to them.

As for the second prong of ripeness, hardship, "[s]uffice it to say that '[t]he mere possibility of future injury, unless it is the cause of some present detriment, does not constitute hardship.'" *Authors Guild*, 755 F.3d at 105. Plaintiffs cannot allege any present harm to them from a movie that has not yet been completed or released.

While it is not totally clear from the complaint, Plaintiffs also appear to be claiming that using the title "12 O'Clock Boys" for the 2019 Film violates their rights. The SPE Defendants dispute whether such a title would infringe Plaintiffs' rights, but such a dispute is not ripe and may never become ripe, because the IMDB listing for the 2019 Film shows the current title is simply "Twelve," which would not infringe any of Plaintiffs' rights. Unless and until Plaintiffs have the basis to allege that the 2019 Film's title will be "12 O'Clock Boys," a dispute between Plaintiffs and the SPE Defendants over that title would be merely academic, and any ruling by this Court would be an advisory opinion.

### III.   There Is No Personal Jurisdiction Over The Overbrook Defendants Or Will Smith.

The Complaint alleges that the two Overbrook defendants are California entities with their principal places of business in California and that Will Smith is a California resident. None of them have offices in New York. The Complaint does not allege that the 2019 Film, which is the only basis for naming them in this lawsuit, was or is now being developed, produced or edited in New York. There is no basis for personal jurisdiction over the Overbrook entities or Will Smith.

### IV.   The SPE Defendants Cannot Plausibly Be Liable For Any Claims Not Concerning The 2019 Film, And Other Claims Are Preempted Or Otherwise Fail To State A Claim.

Although it is not totally clear from the Complaint, it is possible that portions of the First, Second and Third Causes of Action of the Complaint concern the 2019 Film, while also containing allegations regarding the 2013 Documentary. The remaining ten causes of action, for various claims such as trademark infringement and unjust enrichment, all concern claims unrelated to the 2019 Film, and mostly seem to be about the 2013 Documentary. As such, the SPE Defendants have no liability for those claims and should be dismissed for this additional reason.

Plaintiffs attempt to get around this by boilerplate allegations that all defendants are somehow scheming together and/or controlling each other in every action alleged in the Complaint. However, those allegations are totally devoid of any factual component and fail the test of plausibility. Several of the claims are also preempted by copyright law, such as unfair competition and unjust enrichment, or otherwise fail to state claim.