UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TAJE MONBO and DEAFUEH MONBO,

                      Plaintiffs,

            v.

LOTFY NATHAN, RED GAP FILM GROUP, LLC, VERTICAL ENTERTAINMENT, LLC, OSCILLOSCOPE PICTURES, INC., OSCILLOSCOPE, INC., DANIEL BERGER, THOMAS SLADEK, OVERBROOK ENTERTAINMENT, INC., OVERBROOK ENTERTAINMENT, LLC, SONY PICTURES ENTERTAINMENT, INC., ERIC BLAIR, WILLARD CARROLL SMITH, JR., MISSION FILM, INC., and MARIA MOCHIN *individually and doing business as* MISSION FILM PRODUCTIONS,

                      Defendants.

**MEMORANDUM & ORDER**
18-CV-5930 (MKB)

---

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Taje Monbo and Deafueh Monbo, proceeding *pro se*, commenced the above-captioned trademark and copyright infringement action on October 23, 2018, against Defendants Lotfy Nathan, Red Gap Film Group, LLC, Vertical Entertainment, LLC, (the "Nathan Defendants"), Oscilloscope Pictures, Inc., Oscilloscope Inc., Daniel Berger, and Thomas Sladek, (the "Oscilloscope Defendants"), Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Willard Carroll Smith, Jr., Sony Pictures Entertainment, Inc., (the "SPE Defendants"), Maria Mochin (both individually and doing business as Mission Film Productions), Mission Film, Inc., and Eric Blair. (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 98.)

Defendants' motions to dismiss are pending;[1] on April 22, 2021, the Court provided notice to Plaintiffs of its intention to convert those motions to motions for summary judgment. (Order dated Apr. 22, 2021, Docket Entry No. 177.)

Deafueh Monbo now moves to stay proceedings in this Court until the Second Circuit resolves a mandamus petition filed in the Second Circuit on April 28, 2021.[2] (Mot. to Stay, Docket Entry No. 182.) The Nathan Defendants and the Oscilloscope Defendants oppose the motion. (Nathan Defs.' and Oscilloscope Defs.' Opp'n to Mot. to Stay ("Defs.' Opp'n"), Docket Entry No. 186.)[3] For the reasons discussed below, the Court denies the motion.

## I. Background

The Court assumes familiarity with the facts alleged in the Amended Complaint and provides only a summary of the procedural history and pertinent facts.

---

[1] (Nathan Defs.' and Oscilloscope Defs.' Mot. to Dismiss ("Nathan Defs.' and Oscilloscope Defs.' Mot."), Docket Entry No. 114; Mem. in Supp. of Nathan Defs.' and Oscilloscope Defs.' Mot., Docket Entry No. 117; SPE Defs.' Mot. to Dismiss ("SPE Defs.' Mot."), Docket Entry No. 147; Mem. in Supp. of SPE Defs.' Mot., Docket Entry No. 148.)

[2] The Court treats this motion as being brought by Deafueh Monbo (hereafter, "Monbo") because Taje Monbo has not signed the motion. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."); *Bey v. New York*, No. 11-CV-3296, 2012 WL 4370272, at *3 (E.D.N.Y. Sept. 21, 2012) (explaining that Rule 11 of the Federal Rules of Civil Procedure requires that "every *pro se* plaintiff must sign a copy of the operative complaint in order to be a party to the action," so the only proper plaintiff in the action was the person who signed the complaint); *Calderon v. Lantz*, No. 06-CV-61, 2006 WL 2092080, at *2 (D. Conn. July 24, 2006) (explaining that Rule 11 of the Federal Rules of Civil Procedure "requires that any motion be signed by all *pro se* parties"); *see also Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.").

[3] Because these filings are not consecutively paginated, the Court refers to the ECF pagination.

Plaintiffs allege, *inter alia*, that the Nathan Defendants' documentary entitled "12 O'Clock Boys," which depicted a young man "who has one goal in mind: to join the 12 O'Clock Boys, the notorious urban dirt-bike group," infringed upon Plaintiff's copyright in two documentaries depicting the 12 O'Clock Boyz, a group of urban dirt-bike riders in Baltimore, Maryland. (Am. Compl. ¶¶ 1–3, 86, 206–209.)

In December of 2020,[4] Monbo filed an interlocutory appeal; as relevant here, she argued that the Court was obligated to issue a request to the Register of Copyrights "pursuant to [17 U.S.C. § 411(b)(2)] for a determination on whether the inaccurate information contained in [two] certificates of copyright registration" held by one of the Nathan Defendants "would have caused the Register of Copyrights to refuse the registrations."[5] (Pl.'s Mot. for Leave to File Interlocutory Appeal, Docket Entry No. 173.) The Court declined to certify any of the proposed questions for interlocutory appeal. (Order dated Jan. 6, 2021.) The Second Circuit dismissed the interlocutory appeal for lack of appellate jurisdiction. (Mandate issued May 13, 2021, Docket Entry No. 178.)

In March of 2021, Monbo filed a petition for a writ of mandamus in the Second Circuit, contending, among multiple grounds for mandamus relief, that the Court "ha[d] not complied with the mandatory provisions of [section 411(b)(2)]." (Copy of Mandamus Pet., Docket Entry No. 176.) The Second Circuit denied that petition on May 13, 2021, on the ground that Monbo

---

[4] The appeal was filed on December 18, 2020, and docketed on January 4, 2021. (Notice of Interlocutory Appeal, Docket Entry No. 174.)

[5] That section reads: "In any case in which inaccurate information described under paragraph (1) [concerning inaccuracies in a certificate of registration] is alleged, the court shall request the Register of Copyrights to advise the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration." 17 U.S.C. § 411(b)(2).

3

"ha[d] not demonstrated that there are exceptional circumstances to warrant the immediate review of the [d]istrict [c]ourt[']s discovery orders and the relief she seeks can be obtained on appeal from final judgment." (Mandate issued May 13, 2021, Docket Entry No. 179 (citing *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004)).)

On April 22, 2021, the Court informed the parties that because Plaintiffs did not provide copies of their two documentaries and objected to the copies provided by the Nathan Defendants, the Court will convert the motion to one for summary judgment. (Order dated Apr. 22, 2021.) The Court gave the parties sixty days to file additional submissions. (*Id.* at 11–12.)

On April 28, 2021, Monbo filed a second petition for a writ of mandamus in the Second Circuit. Pet., *In re Deafueh Monbo*, No. 21-1050 (2d Cir. Apr. 28, 2021), Docket Entry No. 6. That petition contends that Monbo is "being denied justice because of the delay" and seeks a writ of mandamus compelling the Court to issue a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2). *Id.* at ii.

## II. Discussion

### a. Standard of review

The standard for a stay pending the disposition of a mandamus petition is the same as the standard for a stay pending appeal: courts consider "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *U.S. S.E.C. v. Citigroup Glob. Markets Inc.*, 673 F.3d 158, 162–63 (2d Cir. 2012) (first quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); then citing *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007); and then citing *United States v. E. Air Lines, Inc.*, 923 F.2d 241, 243–44 (2d Cir. 1991))); *see also Batalla Vidal v. Duke*, No. 16-CV-4756, 2017 WL 4737280, at

*6 (E.D.N.Y. Oct. 19, 2017) ("In considering a motion for a stay pending mandamus, the court considers the same factors as it considers on a motion for a stay pending appeal."). "The first two factors are the most critical, but a stay 'is not a matter of right, even if irreparable injury might otherwise result'; rather, a stay is 'an exercise of judicial discretion,' and '[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of discretion.'" *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 214 (2d Cir. 2020) (alteration in original) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The movant must show not just a likelihood of success on the merits, but that the Second Circuit is likely to grant mandamus. *See New York v. U.S. Dep't of Com.*, 339 F. Supp. 3d 144, 148 (S.D.N.Y. 2018) ("Critically, to satisfy the likelihood-of-success requirement here, [the] [d]efendants must not only demonstrate that this [c]ourt erred in its decisions, but also that the Second Circuit is likely to grant mandamus." (citing *Emp'rs Ins. of Wausau v. News Corp.*, No. 06-CV-1602, 2008 WL 4560687, at *1 (S.D.N.Y. Oct. 6, 2008))).

    b.  **Plaintiff's motion to stay is denied**

        i.  **Success on the merits**

The Nathan Defendants and Oscilloscope Defendants argue that Monbo is unlikely to succeed on the merits because she "has not shown that her second mandamus petition meets the 'exceptional circumstances' threshold or that any of the *Cheney* factors supports granting her petition." (Defs.' Opp'n 4.) Defendants add that she raised this same argument in her first mandamus petition without success. (*Id.* at 4–5.)

Monbo, who did not file a memorandum of law accompanying the motion to stay, raises no argument on this point.

"The writ of mandamus is a '"drastic and extraordinary remedy,"' which is granted 'only in "exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of

5

discretion.'"'" *Main St. Am. Assurance Co. v. Savalle*, 846 F. App'x 47, 48 (2d Cir. 2021) (first quoting *In re Roman Catholic Diocese of Albany, New York, Inc.*, 745 F.3d 30, 35 (2d Cir. 2014); and then quoting *SEC v. Rajaratnam*, 622 F.3d 159, 169 (2d Cir. 2010)). Mandamus is not "a substitute for the regular appeals process." *Cheney*, 542 U.S. at 380–81 (citing *Ex parte Fahey*, 332 U.S. 258, 260 (1947)). A mandamus petitioner must satisfy three conditions before a wait of mandamus may issue: she must (1) "have no other adequate means to attain the relief [she] desires," (2) show "that [her] right to issuance of the writ is clear and indisputable," and (3) show "that the writ is appropriate under the circumstances." *Id.* (quoting *Kerr v. U.S. Dist. Ct. for Northern Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

The right of litigants to have their motions decided is clear and indisputable, and a court's failure to rule on a motion within a "reasonable time" can be grounds on which to grant a writ of mandamus. *U.S. E. Telecomms., Inc. v. U.S. W. Info. Sys., Inc.*, 15 F.3d 261, 263 (2d Cir. 1994) ("While it is appropriate that decision be reserved on a motion in order to permit further study, or supplementation of the motion with a transcript or brief . . . the right of a movant to have a motion decided is so clear that it will be enforced under proper circumstances by mandamus." (first citing *Hudson v. Parker*, 156 U.S. 277, 288 (1895); and then citing *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 652 (2d Cir. 1987))); *see also In re Int'l Bus. Machines Corp.*, 687 F.2d 591, 603–04 (2d Cir. 1982) (granting mandamus relief after an eight-month delay in ruling on a "clear-cut" motion caused the petitioner to incur over two million dollars in storage costs).

Monbo's petition is unlikely to succeed because, although Plaintiffs filed their motion for issuance of a request to the Register of Copyrights in September of 2019, (*see* Letter dated Apr. 8, 2019, Docket Entry No. 73), district courts have discretion to wait to make that request until

plaintiffs have made preliminary factual showings. *See, e.g.*, *Phillies v. Harrison/Erickson, Inc.*, No. 19-CV-7239, 2020 WL 6482882, at *1 (S.D.N.Y. Nov. 4, 2020) (explaining that while "courts are generally in agreement that the district court *must* solicit the advice of the Copyright Office when the [17 U.S.C. § 411(b)(2)] statutory conditions are satisfied," before making that referral, "a district court may require a litigant to 'demonstrate that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office.'" (quoting *Palmer/Kane LLC v. Rosen Book Works LLC*, 188 F. Supp. 3d 347, 349 (S.D.N.Y. 2016))); *DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 623 (7th Cir. 2013) (cautioning that this provision could be used to delay disposition of a case, and noting that "input need not be sought immediately after a party makes such a claim," and courts can delay until after a litigant "demonstrate[s] that (1) the registration application included inaccurate information; and (2) the registrant knowingly included the inaccuracy in his submission to the Copyright Office" (quoting 17 U.S.C. § 411(b)(1)(A))). At least in this case, the Court cannot make the determination that a Defendant knowingly submitted incorrect information to the Register of Copyright before summary judgment.

      **ii. Irreparable harm**

The Nathan Defendants and Oscilloscope Defendants argue that Monbo cannot show irreparable injury (1) because she can appeal following a ruling on the merits, (2) resolution of the motion will have no effect on the resolution of the merits, and (3) Monbo is not irreparably harmed by the Court's failure to "decide motions before it in the order and on the schedule Plaintiff desires." (Defs.' Opp'n 5.)

Monbo argues that a writ of mandamus is necessary to prevent unspecified irreparable harm to Plaintiffs. (Mot. to Stay 1.)

"Irreparable harm is 'injury that is neither remote nor speculative, but actual and imminent and that cannot be remedied by an award of monetary damages.'" *New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 660 (2d Cir. 2015) (quoting *Forest City Daly Hous., Inc. v. Town of North Hempstead*, 175 F.3d 144, 153 (2d Cir. 1999)). Monbo has not shown that she will suffer any harm, much less irreparable harm, from the Court proceeding with the merits of her case while the Second Circuit considers her mandamus petition. If Monbo believes that the Court erred in failing to consult the Register of Copyright at the appropriate time, she can raise that point on appeal.

### iii. Effect on other parties

The Nathan Defendants and Oscilloscope Defendants argue that delay will substantially harm them, pointing to the delay that has occurred so far in this case and arguing that even if Plaintiff received the relief she sought in her motion, "at the end, nothing would change" in the legal posture of the case. (Defs.' Opp'n 5–6.)

Monbo raises no argument on this point.

The delay in this action weighs against granting a stay because Defendants have an interest in the resolution of this proceeding. *See Metro Found. Contractors, Inc. v. Arch Ins. Co.*, No. 09-CV-6796, 2011 WL 2947003, at *2 (S.D.N.Y. July 18, 2011) (listing delays caused by the plaintiff's failure to abide by court orders and concluding that "[t]he other parties in this action have a right to have this matter decided," so the interests of the parties weighed against a stay).

8

### iv. Public interest

Defendants argue that the public interest favors the fair and expedient resolution of litigation. (Defs.' Opp'n 6.)

Monbo raises no argument on this point.

There is a public interest in the resolution of litigation, and that interest favors denying a stay. *See Yan Ping Xu v. Suffolk County*, No. 19-CV-1362, 2021 WL 1163007, at *10 (E.D.N.Y. Mar. 26, 2021) (reasoning that the public interest weighed against a stay because there is "a public interest in finality of litigation").

Because Monbo has not shown that she is likely to succeed on the merits or that irreparable harm is likely to result from the denial of a stay, and because the interests of the non-moving parties and the public interest favor the resolution of litigation, the Court denies a stay.

## III. Conclusion

For the foregoing reasons, the Court denies Monbo's motion to stay proceedings while her petition for a writ of mandamus is pending before the Second Circuit. The Clerk of Court is directed to mail a copy of this Memorandum and Order to the pro se parties at their respective addresses of record.

Dated: June 21, 2021
      Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge