UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TAJE MONBO and DEAFUEH MONBO,

                        Plaintiffs,

          v.

LOTFY NATHAN, RED GAP FILM GROUP, LLC, VERTICAL ENTERTAINMENT, LLC, OSCILLOSCOPE PICTURES, INC., OSCILLOSCOPE, INC., DANIEL BERGER, THOMAS SLADEK, OVERBROOK ENTERTAINMENT, INC., OVERBROOK ENTERTAINMENT, LLC, SONY PICTURES ENTERTAINMENT, INC., ERIC BLAIR, WILLARD CARROLL SMITH, JR., MISSION FILM, INC., and MARIA MOCHIN *individually and doing business as* MISSION FILM PRODUCTIONS,

                        Defendants.

**ORDER**
18-CV-5930 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Taje Monbo and Deafueh Monbo, proceeding *pro se*, commenced the above-captioned trademark and copyright infringement action on October 23, 2018, and filed an Amended Complaint on August 29, 2019, against Defendants Lotfy Nathan, Red Gap Film Group, LLC, Vertical Entertainment, LLC, (the "Nathan Defendants"), Oscilloscope Pictures, Inc., Oscilloscope Inc., Daniel Berger, and Thomas Sladek, (the "Oscilloscope Defendants"), Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Willard Carroll Smith, Jr., Sony Pictures Entertainment, Inc., (the "SPE Defendants"), Maria Mochin (both individually and doing business as Mission Film Productions), Mission Film, Inc., and Eric Blair. (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 98.) Defendants moved to dismiss the

Amended Complaint,[1] and on April 22, 2021, the Court provided notice to the parties of its intention to convert the motions to motions for summary judgment. (Order dated Apr. 22, 2021, Docket Entry No. 177.)

Deafueh Monbo now moves to file a second amended complaint and has filed two letters subsequent to the motion.[2] (Mot. for Leave to Amend ("Pl.'s Mot."), Docket Entry No. 189; Letter dated June 28, 2021, Docket Entry No. 196; Letter dated July 7, 2021, Docket Entry No. 199.) The Defendants oppose the motion. (Nathan Defs.' and Oscilloscope Defs.' Opp'n to Pl.'s Mot. ("Defs.' Opp'n"), Docket Entry No. 193.) The Court denies the motion without prejudice to renewal after the pending dispositive motions are decided.

**I. Background**

The Court assumes familiarity with the facts alleged in the Amended Complaint and provides only a summary of the relevant procedural history and pertinent facts.

Plaintiffs allege, *inter alia*, that the Nathan Defendants' documentary entitled "12 O'Clock Boys," which depicts a young man "who has one goal in mind: to join the 12 O'Clock Boys, the notorious urban dirt-bike group," infringes upon Plaintiffs' copyright in two documentaries depicting the 12 O'Clock Boyz, a group of urban dirt-bike riders in Baltimore, Maryland. (Am. Compl. ¶¶ 1–3, 86, 206–209.)

---

[1] (Nathan Defs.' and Oscilloscope Defs.' Mot. to Dismiss ("Nathan Defs.' and Oscilloscope Defs.' Mot."), Docket Entry No. 114; Mem. in Supp. of Nathan Defs.' and Oscilloscope Defs.' Mot., Docket Entry No. 117; SPE Defs.' Mot. to Dismiss ("SPE Defs.' Mot."), Docket Entry No. 147; Mem. in Supp. of SPE Defs.' Mot., Docket Entry No. 148.)

[2] Only Deafueh Monbo has signed the motion, and the Court therefore treats the motion as being brought by only Deafueh Monbo. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."). Because Monbo's filings are not consecutively paginated, the Court refers to the page numbers assigned by the electronic case filing system.

On April 22, 2021, the Court informed the parties that because Plaintiffs did not provide copies of their two documentaries and objected to the copies provided by the Nathan Defendants, the Court will convert the pending motion to dismiss to one for summary judgment. (Order dated Apr. 22, 2021.) The Court gave the parties sixty days to file additional submissions. (*Id.* at 11–12.) The parties did not file any additional submissions.

## II. Discussion

Monbo moves to further amend the Complaint,[3] arguing that (1) she discovered that HBO Max has "facilitated infringing acts carried out by Defendants," and now wishes to add HBO Max as a defendant, and (2) she seeks to "add more factual allegations" about six DVDs produced in 2009 that Defendants "intended to be . . . an unauthorized derivative work."[4] (Pl.'s Mot.) Monbo does not attach a proposed second amended complaint. In letters filed after the motion, Monbo adds that HBO Max "was provided with a [n]otice of [c]opyright [i]nfringement" on May 19, 2020, and has not ceased and desisted "infringing acts carried out by Defendants," and that the six DVDs in question contain a script, footage, photographs, and music from Plaintiffs' works. (Letter dated June 28, 2021; Letter dated July 2, 2021.)

---

[3] In her papers seeking to file a second amended complaint, Monbo writes that "[t]he Motion to Dismiss filed by the [D]efendants is not necessary and rendered MOOT." (Pl.'s Mot. 2.) Because Monbo cannot further amend the Complaint without consent from Defendants or leave of Court, and Defendants oppose her application, the Court understands her to be seeking leave to amend. (Am. Compl.); *see* Fed. R. Civ. P. 15(a)(1)(A).

[4] In the Amended Complaint, Plaintiffs state that "Defendant Lofty Nathan recorded six DVDs of footages on the Wildout Wheelie Boyz and other random riders," that Defendant Eric Blair hired Defendant Lotfy Nathan after seeing those six DVDs of footage, and that the copyright application for those DVDs falsely identified as the author a corporation that did not exist when the DVDs were produced, but does not allege that the six DVDs in question infringed on Plaintiffs' copyright. (Am. Compl. ¶¶ 73, 76, 79–81, 196–97.)

3

Defendants argue that leave to amend should be denied because (1) Monbo delayed unduly in filing the motion to amend, (2) she failed to attach a copy of the proposed amended complaint, (3) this motion reflects a dilatory motive, (4) the delay is prejudicial to Defendants, and (5) neither of the proposed additional claims are likely to succeed as a matter of law. (Defs.' Mem.) In response to Monbo's letters, Defendants write that her filings are not timely, not consistent with the rules of the Court, and do not remedy the deficiencies in her motion to amend. (Defs.' Response to Letter dated June 28, 2021, Docket Entry No. 197; Defs.' Response to Letter dated July 2, 2021, Docket Entry No. 201.)

The Court denies Monbo's motion for leave to amend without prejudice to renewal after the Court decides the pending dispositive motions.[5]

### III. Conclusion

The Court denies without prejudice Monbo's motion for leave to amend the Amended Complaint. Monbo may renew her motion after the Court decides the pending dispositive motions. The Clerk of Court is directed to mail a copy of this Order to the *pro se* parties at their respective addresses of record.

Dated: August 23, 2021
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge

---

[5] Defendants also ask the Court to "direct Plaintiffs to cease filing any further documents relating in any respect to the pending motions unless directed to do so by the Court." (Defs.' Reply to Letter dated July 2, 2021, at 2.) The Court declines to impose such a sanction at this time, but will consider any additional filings from Plaintiffs when it decides the converted motion for summary judgment.