UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
TAJE MONBO and DEAFUEH MONBO,

                Plaintiffs,

        v.

LOTFY NATHAN, RED GAP FILM GROUP, LLC, VERTICAL ENTERTAINMENT, LLC, OSCILLOSCOPE PICTURES, INC., OSCILLOSCOPE, INC., DANIEL BERGER, THOMAS SLADEK, OVERBROOK ENTERTAINMENT, INC., OVERBROOK ENTERTAINMENT, LLC, SONY PICTURES ENTERTAINMENT, INC., ERIC BLAIR, WILLARD CARROLL SMITH, JR., MISSION FILM, INC., and MARIA MOCHIN *individually and doing business as* MISSION FILM PRODUCTIONS,

                Defendants.
---------------------------------------------------------------

**MEMORANDUM & ORDER**
18-CV-5930 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Taje Monbo and Deafueh Monbo, proceeding pro se, commenced the above-captioned action on October 23, 2018, and filed an Amended Complaint on August 29, 2019, against Defendants Lotfy Nathan, Red Gap Film Group, LLC ("Red Gap"), and Vertical Entertainment, LLC ("Vertical Entertainment") (collectively, the "Nathan Defendants"); Oscilloscope Pictures, Inc., Oscilloscope Inc., Daniel Berger, and Thomas Sladek (collectively, the "Oscilloscope Defendants"); Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Willard Carroll Smith, Jr., and Sony Pictures Entertainment, Inc. (collectively, the "SPE Defendants"); and Maria Mochin (both individually and doing business as Mission Film Productions), Mission Film, Inc., and Eric Blair. (Compl., Docket Entry No. 1; Am. Compl.,

Docket Entry No. 98.)  Plaintiffs alleged that the Nathan Defendants' 2013 documentary about an aspiring dirt-bike rider in Baltimore, titled "12 O'Clock Boys" (the "2013 Documentary"), and the SPE Defendants' feature film based on it (the "Feature Film") infringe their copyrights in their 2001 film "12 O'Clock Boyz" (the "2001 Documentary") and 2003 sequel "12 O'Clock Boyz: The Paparazzi Edition" (the "2003 Documentary"), featuring the 12 O'Clock Boyz dirt-bike stunt group.  As also relevant here, Plaintiffs brought claims for unjust enrichment and violations of the Lanham Act and related Maryland trademark law and sought declaratory judgments invalidating the Nathan Defendants' copyright registrations in the 2013 Documentary and six DVDs Nathan produced in 2008 entitled "The Twelve O'Clock Boyz" (the "2008 DVDs") and declaring that the SPE Defendants' Feature Film infringes their copyrights.  On September 4, 2019, Plaintiffs also filed a motion for the issuance of a request to the Register of Copyrights pursuant to 17 U.S.C. § 411(b)(2).[1]

On February 6, 2020, the SPE Defendants moved to dismiss the Amended Complaint,[2] and on August 26, 2022, the Court granted the SPE Defendants' motion (the "August 2022 Decision").  (Aug. 2022 Decision, Docket Entry No. 209.)  On September 2, 2022, Plaintiffs refiled their opposition to the SPE Defendants' motion to dismiss styled as a motion for

---

[1] (Pls.' Mot. for Issuance of Request 1 ("Pls.' Mot. for Issuance"), Docket Entry No. 103; Nathan Defs.' Mem. in Opp'n to Pls.' Mot. for Issuance ("Nathan Defs.' Opp'n"), Docket Entry No. 109; Pls.' Reply to Nathan Defs.' Opp'n ("Pls.' Reply"), Docket Entry No. 111; *see also* Pls.' Second Mot. for Issuance of Request, Docket Entry No. 169; Decl. of Alan R. Friedman, Docket Entry No. 172.)

[2] (SPE Defs.' Mot. to Dismiss ("SPE Defs.' Mot."), Docket Entry No. 147; SPE Defs.' Mem. in Supp. of SPE Defs.' Mot. ("SPE Defs.' Mem."), Docket Entry No. 148; Pls.' Opp'n to SPE Defs.' Mot., Docket Entry No. 142; SPE Defs.' Resp. to Pls.' Opp'n ("SPE Defs.' Reply"), Docket Entry No. 154.)

reconsideration of the August 2022 Decision.[3]  (*Compare* Pls.' Mot. for Recons., Docket Entry No. 210; *with* Pls.' Opp'n to SPE Defs.' Mot.)

For the reasons discussed below, the Court denies Plaintiffs' motion for reconsideration and motion for the issuance of a request to the Register of Copyrights.

## I. Background

In the August 2022 Decision,[4] the Court found that it lacked "both specific and general jurisdiction over Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, and Smith" and dismissed the claims against them without prejudice.  (Aug. 2022 Decision 109.)  The Court found that "Plaintiffs' claims against these Defendants nevertheless fail for the reasons discussed . . . with respect to Sony Pictures Entertainment, Inc."  (*Id.*)

With respect to Sony Pictures Entertainment, Inc., the Court found that Plaintiff's copyright infringement claim failed because Plaintiffs' works and the Feature Film are not substantially similar, and Plaintiffs' claims of vicarious and contributory infringement failed "because neither the 2013 Documentary nor the Feature Film infringes on Plaintiffs' copyrights." (*Id.* at 111.)  In addition, the Court found that Plaintiffs' federal and state trademark claims[5]

---

[3] The Court's August 2022 Decision also addressed the Nathan Defendants' and Oscilloscope Defendants' joint motion to dismiss the Amended Complaint, which the Court converted into a summary judgment motion.  Plaintiffs do not seek reconsideration of the Court's decision on the joint motion.

[4] The Court assumes the parties' familiarity with the factual and procedural background of this case, as set forth in the August 2022 Decision.

[5] Plaintiffs raised claims of trademark infringement under section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1) based on the SPE Defendants' use and continued use of "reproductions, copies, and colorable imitations of Plaintiffs' registered 12 O'Clock Boyz [m]arks" in connection with advertising of the Feature Film, (Am. Compl. ¶ 227); trademark infringement, false designation of origin, and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), based on the SPE Defendants' use of the phrase "12 O'Clock Boys" as the title

3

based on internet references to "Twelve" and "12 O'Clock Boys" as potential titles for the Feature Film failed because "[t]he SPE Defendants' use of 'Twelve' as a potential title cannot serve as the basis for Plaintiffs' trademark claims, as Plaintiffs do not allege that they have a valid trademark in the word 'Twelve,'" and "their use of the phrase '12 O'Clock Boys' as a potential title on Wikipedia, IMDB, or in advertising for the film [cannot] serve as a basis for their trademark claims, as such claims are barred by the First Amendment" under *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989). (*Id.* at 114–15.) The Court also found that "because Plaintiffs fail to state claims of direct trademark infringement, their claims of contributory and vicarious infringement also fail," and "because the 12 O'Clock Boyz mark is not sufficiently famous to be the subject of a dilution claim, this claim also fails."[6] (*Id.* at 116.) The Court found that Plaintiffs failed to state an unjust enrichment claim under Maryland law because they "failed to plausibly allege that the SPE Defendants had an 'appreciation or knowledge' of the benefit allegedly conferred on them by their use of the phrase '12 O'Clock Boys' in advertising the Feature Film" and "also failed to plausibly allege that it would be inequitable to allow the SPE Defendants to 'retain this benefit without the payment of its value,' as Plaintiffs . . . failed to state a claim that the SPE Defendants' use of the phrase infringed their mark and that their

---

of the Feature Film, (*id.* ¶ 229); trademark dilution under section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), based on the SPE Defendants "casting random riders" as 12 O'Clock Boys, (*id.* ¶ 233); trademark infringement under Maryland Code Business Regulation § 1-414 *et seq.*, (*id.* ¶ 244); trademark infringement, false advertising, and unfair competition under the Maryland common law, (*id.* ¶¶ 246–248); and contributory and vicarious trademark infringement under federal law and the Maryland common law, (*id.* ¶ 251).

[6] Because the Court granted the SPE Defendants' motion to dismiss Plaintiffs' trademark claims on these grounds, the Court "decline[d] to consider the SPE Defendants' additional arguments that their use of the phrase '12 O'Clock Boys' as a potential title is fair use and that Plaintiffs have abandoned their trademark claims by failing to respond to the SPE Defendants' arguments." (Aug. 2022 Decision 115 n.35.)

retention of any benefits due to the use of the phrase '12 O' Clock Boys' is therefore 'unjust.'" (*Id.* at 117.)  The Court also found that Plaintiffs failed to state an unjust enrichment claim under New York law because they failed to allege "a relationship between themselves and the SPE Defendants." (*Id.* at 118.)

The Court denied Plaintiffs leave to amend, noting that the problems with their claims are substantive because "Plaintiffs copyright claims fail as a matter of law; they cannot state their trademark claims based on the SPE Defendants' use of the phrases 'Twelve' and '12 O'Clock Boys' as potential titles because they do not own a copyright in the phrase 'Twelve' and their claims based on the phrases 'Twelve' and '12 O'Clock Boys' are also barred by the First Amendment under *Rogers*; and they cannot state their trademark dilution claim because the mark is not famous enough to support this claim, or state their unjust enrichment claim, which is premised on their trademark claims." (*Id.* at 121–22.)

## II. Discussion

### a. Standard of review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also* Local Civ. R. 6.3 (providing that the moving party must "set[] forth concisely the matters or controlling decisions which counsel believes the [c]ourt has overlooked").

It is thus well-settled that a motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or

otherwise taking [another] bite at the apple." *U.S. for Use & Benefit of Five Star Elec. Corp. v. Liberty Mut. Ins. Co.*, 758 F. App'x 97, 101 (2d Cir. 2018) (alteration in original) (quoting *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended*, (July 13, 2012)). "A motion for reconsideration is 'neither an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have previously been made.'" *Salveson v. JP Morgan Chase & Co.*, 166 F. Supp. 3d 242, 248 (E.D.N.Y. 2016) (quoting *Simon v. Smith & Nephew, Inc.*, 18 F. Supp. 3d 423, 425 (S.D.N.Y. 2014)), *aff'd*, 663 F. App'x 71 (2d Cir. 2016).

### b. The Court denies Plaintiffs' motion for reconsideration

Although Plaintiffs seek reconsideration of the August 2022 Decision granting the SPE Defendants' motion to dismiss, they have merely refiled their opposition to the SPE Defendants' motion without the original exhibits. Therefore, their motion for reconsideration is not responsive to the Court's August 2022 Decision. Accordingly, because Plaintiffs have not pointed to any controlling law or facts that the Court overlooked, the Court finds that Plaintiffs have not met the standard for reconsideration.

### c. The Court denies Plaintiffs' motion for the issuance of a request to the Register of Copyrights

In their motion for reconsideration (and thus also in their opposition to the SPE Defendants' motion to dismiss), Plaintiffs note that they "filed a [m]otion for the [i]ssuance of a [r]equest to the Register of Copyrights" pursuant to 17 U.S.C. § 411(b)(2) on September 4, 2019, and that the Court has "deferred ruling" on the motion. (Pls.' Mot. for Recons. 16.) In their motion for the issuance of a request to the Register of Copyrights, Plaintiffs ask the Court to request that the Register of Copyrights advise the Court on whether alleged inaccurate information in Red Gap's and Vertical Entertainment's applications for copyright registrations

for the 2013 Documentary and 2008 DVDs, respectively, would have caused the Register of Copyrights to refuse the registrations if known. Specifically, Plaintiffs argue that (1) Nathan and Red Gap made material misrepresentations on their copyright application for the 2013 Documentary by listing Red Gap as the author when it did not exist at the time the film was produced and by failing to disclose the use of pre-existing materials, the fact that Red Gap did not have a written work-for-hire agreement signed prior to the creation of the film, and the publication date of the film; and (2) Vertical Entertainment made misrepresentations by listing itself as the author of the 2008 DVDs and failing to disclose that it did not have a written work-for-hire agreement signed prior to the creation of the 2008 DVDs. (Pls.' Mot. for Issuance 6–7.) Plaintiffs ask the Court to submit this request to the Register of Copyrights because they "believe that the submission of this request is important for an early disposition" of their fourteenth and fifteenth causes of action seeking declaratory judgments that Red Gap's and Vertical Entertainment's copyrights are invalid because they are not the true authors of these works. (*Id.* at 2, 7; Am. Compl. ¶¶ 271–288.) In addition, Plaintiffs argue that if the Register of Copyrights would have refused Red Gap's copyright registration because Red Gap is not the author of the 2013 Documentary, then Defendants cannot rely on the fair use defense because this defense only permits "another author" to make limited use of the original author's work without permission. (Pls.' Reply 1; Pls.' Opp'n to SPE Defs.' Mot. 16–17; Pls.' Mot. for Recons. 16–17.)

The Court did not directly address Plaintiffs' motion in the August 2022 Decision but declined Plaintiffs' requests to issue declaratory judgments that the Nathan Defendants' copyrights are invalid because judgments that the Nathan Defendants' copyrights in the 2013 Documentary and 2008 DVDs are invalid "would not settle the legal issues disputed in this

7

case," given that the validity of the Nathan Defendants' copyrights "has no bearing on whether Plaintiff's copyrights (or their other rights) were violated" by the Nathan Defendants, and therefore the declaratory judgments "would not have practical implications for the dispute between the parties." (Aug. 2022 Decision 95.) The Court also noted that authorship is irrelevant to the fair use test. (*Id.* at 43.) In view of these holdings, Plaintiffs' motion for the issuance of a request to the Register of Copyrights is denied as moot.

### III. Conclusion

For the foregoing reasons, the Court denies Plaintiffs' motion for reconsideration. In addition, the Court denies as moot Plaintiffs' motion for the issuance of a request to the Register of Copyrights.

Dated: September 11, 2022
      Brooklyn, New York

SO ORDERED:

s/ MKB

MARGO K. BRODIE
United States District Judge