UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TAJE MONBO and DEAFUEH MONBO,

                           Plaintiffs,

        v.

LOTFY NATHAN, RED GAP FILM GROUP, LLC, VERTICAL ENTERTAINMENT, LLC, OSCILLOSCOPE PICTURES, INC., OSCILLOSCOPE, INC., DANIEL BERGER, THOMAS SLADEK, OVERBROOK ENTERTAINMENT, INC., OVERBROOK ENTERTAINMENT, LLC, SONY PICTURES ENTERTAINMENT, INC., ERIC BLAIR, WILLARD CAROL SMITH, JR., MISSION FILM, INC., and MARIA MOCHIN *individually and doing business as* MISSION FILM PRODUCTIONS,

                           Defendants.

NOT FOR PUBLICATION

**ORDER**
18-CV-05930 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

      Plaintiffs Taje Monbo and Deafueh Monbo, proceeding *pro se*,[1] commenced the above-captioned trademark and copyright infringement action on October 23, 2018, and filed an Amended Complaint on August 29, 2019, against Defendants Lotfy Nathan, Red Gap Film Group, LLC, Vertical Entertainment, LLC, Oscilloscope Pictures, Inc., Oscilloscope Inc., Daniel Berger, and Thomas Sladek, Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Willard Carroll Smith, Jr., Sony Pictures Entertainment, Inc., Maria Mochin (both individually and doing business as Mission Film Productions), Mission Film, Inc., and Eric Blair. (Compl.,

---

[1] Plaintiffs' counsel withdrew prior to the filing of the Amended Complaint. (Minute Order, Docket Entry No. 64.)

Docket Entry No. 1; Am. Compl., Docket Entry No. 98.)[2]  Plaintiffs alleged that Defendants infringed Plaintiffs' copyrights in their 2001 and 2003 documentaries featuring the 12 O'Clock Boyz dirt-bike stunt group.  (*See id.*)  On August 26, 2022, the Court dismissed Plaintiffs' claims.  (Aug. 2022 Decision, Docket Entry No. 209.)

For the reasons set forth below, the Court imposes a sanction of $500 on each Plaintiff for violating Rule 11(b) of the Federal Rules of Civil Procedure.

**I.   Background**

The Court assumes familiarity with the facts outlined in its prior rulings and provides only a summary of the relevant procedural history and pertinent facts.

Following the Court's August 26, 2022 dismissal of Plaintiffs' claims, Plaintiffs moved for recusal.  (*See* Aug. 2022 Decision; Pls.' Mot. for Recusal, Docket Entry No. 212.)  On December 7, 2022, the Court denied Plaintiffs' recusal motion, finding that "Plaintiffs claim only that the Court adopted a course with which they disagreed — they do not allege any extrajudicial misconduct," and that "adverse rulings, without more, will rarely suffice" to support a recusal motion.  (Dec. 2022 Decision 6–7, Docket Entry No. 222 (quoting *S.E.C. v. Razmilovic*, No. 04-CV-2276, 2010 WL 2540762, at *4 (E.D.N.Y. June 14, 2010))).

On December 28, 2022, Plaintiffs filed a Response, in which they alleged that "[u]pon information and belief," the Court "has accepted bribes from the [D]efendants in exchange for judicial favors to the Defendants," (Pls.' Resp. ¶ 3, Docket Entry No. 237), and more specifically, that "[u]pon information and belief," the Court "has accepted bribes in exchange for agreeing not to issue the mandatory request to the Register of Copyrights, which would show

---

[2]  The Complaint was originally filed against Will Smith, while the Amended Complaint named Will Carroll Smith, Jr.

2

that Defendant Lotfy Nathan does not have a valid copyright and has infringed on Plaintiff Monbos' rights and trademarks," (*id.* ¶ 4).[3]

Given the baseless nature of these allegations, on January 18, 2023, the Court ordered Plaintiffs to show cause within thirty days why they should not be sanctioned for violating Rule 11(b). (Order to Show Cause, Docket Entry No. 240.) Plaintiffs did not respond to the Court's order.[4]

## II. Discussion

### a. Standard of review

Rule 11 provides that "[b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.

---

[3] In its September 2022 Decision, the Court explicitly ruled that Plaintiffs' Request that that it file an inquiry with the Register of Copyrights was moot. (Sept. 2022 Decision 8, Docket Entry No. 211.) The Court explained that:
> "[J]udgments that the Nathan Defendants' copyrights . . . are invalid would not settle the legal issues disputed in this case, given that the validity of the Nathan Defendants' copyrights has no bearing on whether Plaintiff's copyrights (or their other rights) were violated by the Nathan Defendants, and therefore the declaratory judgments would not have practical implications for the dispute between the parties."

(*Id.* at 7–8 (internal quotation marks omitted)). The Court further noted that while Plaintiffs believed a favorable determination by the Register of Copyrights would affect Defendants' ability to claim authorship of the 2013 Documentary for purposes of a "fair use" defense, in fact, "authorship is irrelevant to the fair use test." (*Id.*)

[4] On February 21, 2023, the Nathan Defendants filed a response to the Court's order in which they argued that "[a]s a result of the Plaintiffs' failure to provide any evidentiary basis for their allegations in their Response or any reason why they should not be sanctioned" the Court should, *inter alia*, "issue sanctions under Rule 11(c)." (Defs.' Resp. 3, Docket Entry No. 248.)

R. Civ. P. 11(b)(3). Rule 11 further provides that "[o]n its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)," Fed. R. Civ. P. 11(c)(3), and "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule . . . . ," Fed. R. Civ. P. 11(c)(1). *See also Caisse Nationale de Credit Agricole-CNCA, N.Y. Branch v. Valcorp, Inc.*, 28 F.3d 259, 264 (2d Cir. 1994) ("Under Fed. R. Civ. P. 11, sanctions may be imposed on a person who signs a pleading, motion, or other paper for an improper purpose such as to delay or needlessly increase the cost of litigation, or does so without a belief, formed after reasonable inquiry, that the position espoused is factually supportable and is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law."); *Azkour v. Maucort*, No. 11-CV-5780, 2018 WL 502674, at *10 (S.D.N.Y. Jan. 18, 2018) (imposing sanctions on a pro se plaintiff where the "[p]laintiff's contentions of judicial 'bias,' 'hostility,' 'prejudice,' 'intimidation,' and 'retaliation' reflect a relentless desire to discredit the reputation of the [c]ourt whenever [plaintiff] is dissatisfied with the [c]ourt's rulings" and noting that "[s]uch tactics are invidious and harmful to this institution; indeed, the Second Circuit has recognized that false accusations of judicial bias uniquely 'undermine the integrity of the judicial process'" (quoting *Ransmeier v. Mariani*, 718 F.3d 64, 68–69 (2d Cir. 2013))). A court may impose sanctions where "there is clear evidence that the conduct at issue is (1) entirely without color and (2) motivated by improper purposes." *Wolters Kluwer Fin. Servs. Inc. v. Scivantage*, 564 F.3d 110, 114 (2d Cir. 2009); *see also Huebner v. Midland Credit Mgmt., Inc.*, 897 F.3d 42, 56 (2d Cir. 2018) (same) (quoting *Wolters Kluwer Fin. Servs. Inc.*, 564 F.3d at 114).

4

      **b.   The Court imposes a sanction of $500 on each Plaintiff**

In their Response, Plaintiffs stated, without evidentiary support, that the Court "accepted bribes" from Defendants "in exchange for judicial favors." (Pls.' Resp. ¶ 3.) Plaintiffs did not respond to the Court's order that they show cause why they should not be sanctioned for violating Rule 11(b). Plaintiffs likewise did not provide the Court with any indication that the allegations in their Response had a good faith basis or otherwise provide evidence to support the allegations. The Court therefore concludes that Plaintiffs' allegations are not only baseless, but are deliberately calculated to bolster their attempts to seek the Court's recusal. Accordingly, the Court imposes a sanction on each Plaintiff in the amount of $500. *See Azkour*, 2018 WL 502674, at *8–10 (dismissing a pro se plaintiff's claims with prejudice after the imposition of $2,000 and then $5,000 sanctions since "these lesser sanctions [were] wholly ineffective in controlling plaintiff" and halting his "harassing" and "abusive" conduct).

### III. Conclusion

For the foregoing reasons, the Court imposes (1) a sanction of $500 on Plaintiff Taje Monbo and (2) a sanction of $500 on Plaintiff Deafueh Monbo, pursuant to Rule 11(c). Plaintiffs are ordered to make these payments to the Clerk of Court on or before June 2, 2023.

Dated: May 2, 2023
       Brooklyn, New York

                                SO ORDERED:

                                _____s/ MKB_____
                                MARGO K. BRODIE
                                United States District Judge