UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

TAJE MONBO and DEAFUEH MONBO,

                       Plaintiffs,

              v.

LOTFY NATHAN, RED GAP FILM GROUP, LLC, VERTICAL ENTERTAINMENT, LLC, OSCILLOSCOPE PICTURES, INC., OSCILLOSCOPE, INC., DANIEL BERGER, THOMAS SLADEK, OVERBROOK ENTERTAINMENT, INC., OVERBROOK ENTERTAINMENT, LLC, SONY PICTURES ENTERTAINMENT, INC., ERIC BLAIR, WILLARD CAROL SMITH, JR., MISSION FILM, INC., and MARIA MOCHIN *individually and doing business as* MISSION FILM PRODUCTIONS,

                       Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
18-CV-5930 (MKB)

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiffs Taje Monbo and Deafueh Monbo, proceeding *pro se*,[1] commenced the above-captioned trademark and copyright infringement action on October 23, 2018, and filed an Amended Complaint on August 29, 2019, against Defendants Lotfy Nathan, Red Gap Film Group, LLC, Vertical Entertainment, LLC, (the "Nathan Defendants"), Oscilloscope Pictures, Inc., Oscilloscope Inc., Daniel Berger, and Thomas Sladek, (the "Oscilloscope Defendants"), Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, Willard Carroll Smith, Jr., Sony Pictures Entertainment, Inc., (the "SPE Defendants"), Maria Mochin (both individually and

---

[1] Plaintiffs' counsel withdrew prior to the filing of the Amended Complaint. (Minute Order, Docket Entry No. 64.)

doing business as Mission Film Productions), Mission Film, Inc., and Eric Blair. (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 98.) Plaintiffs alleged that the Nathan Defendants' 2013 documentary about an aspiring dirt-bike rider in Baltimore, and the SPE Defendants' feature film based on it, infringed their copyrights in their 2001 and 2003 documentaries featuring the 12 O'Clock Boyz dirt-bike stunt group. Plaintiffs sought, *inter alia*, declaratory judgments from the Court invalidating the Nathan Defendants' copyrights and declaring that the SPE Defendants' feature film infringes their copyrights. (*See* Am. Compl.) By Memorandum and Order dated August 26, 2022, the Court: (1) stayed the action against Blair pursuant to 11 U.S.C. § 362(a), (2) dismissed all of Plaintiffs' claims against the remaining Defendants, and (3) denied Plaintiffs leave to amend as futile (the "August 2022 Decision"). (Aug. 2022 Decision, Docket Entry No. 209.)

On December 13, 2022, the Nathan and Oscilloscope Defendants moved the Court for a partial final judgment pursuant to Federal Rule of Civil Procedure 54(b) and on December 15, 2022, the SPE Defendants joined the motion (collectively, "Defendants"). (*See* Defs.' Mot. for Rule 54(b) Certification ("Defs.' Mot."), Docket Entry No. 225; Defs.' Mem. in Supp. of Defs.' Mot. ("Defs.' Mem."), Docket Entry No. 225-1; SPE Defs.' Notice of Joinder, Docket Entry No. 227.) Plaintiffs did not file an opposition to Defendants' motion. For the reasons explained below, the Court denies Defendants' motion.

I. Background

The Court assumes familiarity with the facts outlined in the August 2022 Decision and provides only a summary of the relevant procedural history and pertinent facts.

a. **The August 2022 Decision**

In the August 2022 Decision, the Court dismissed all claims against all Defendants,[2] except Blair, against whom the action was stayed pursuant to 11 U.S.C. § 362(a). (Aug. 2022 Decision.) The Court: (1) granted the Nathan and Oscilloscope Defendants' joint motion for summary judgment on Plaintiffs' copyright claims, right of publicity and unjust enrichment claims, and trademark claims; (2) denied Plaintiffs' application for declaratory judgments that the Nathan Defendants' copyrights are invalid; (3) denied the Nathan and Oscilloscope Defendants' request for dismissal under Rule 19; (4) granted the SPE Defendants' motion to dismiss the claims against Overbrook Entertainment, Inc., Overbrook Entertainment, LLC, and Will Smith without prejudice for lack of personal jurisdiction and to dismiss the copyright, trademark, and unjust enrichment claims against Sony Pictures Entertainment, Inc., for failure to state a claim; (5) denied Plaintiffs' motions for default judgments against Mission Film, Inc., and Mission Film Productions and dismissed Plaintiffs' claims against Mission Film Productions without prejudice; (6) denied Plaintiffs leave to amend as futile; and (7) denied Plaintiffs' motion to strike the Oscilloscope Defendants' motion to dismiss, portions of the joint motion to dismiss pertaining to them, and their counterclaims. (*Id.* at 122–23.) The remaining claims on the merits

---

[2] On September 2, 2022, Plaintiffs moved for the Court to reconsider the August 2022 Decision, arguing, *inter alia*, that "the Court should not permit Defendants to use the fair use defense until the Copyright Office opines [on] whether or not Red Gap is an author [of the 12 O'Clock Boys 2013 film]." (Pls.' Mot. for Recons. 17, Docket Entry No 210.) On September 11, 2022, the Court denied Plaintiffs' motion for reconsideration and denied as moot Plaintiffs' motion that the Court issue a request to the Register of Copyrights. (Mem. & Order dated Sept. 11, 2022, Docket Entry No. 211.)

3

before the Court are: (1) Plaintiffs' claims against Blair,[3] and (2) the Oscilloscope Defendants' counterclaims to cancel Plaintiffs' trademark registrations and for tortious interference with Oscilloscope's business relationships.[4] (*See* Oscilloscope Defs.' Am. Answer & Countercls. ("Countercls."), Docket Entry No. 87.)

### b. Pending claims

#### i. Plaintiffs' claims against Blair

On March 4, 2019, Plaintiffs notified the Court that Blair had filed for Chapter 7 bankruptcy in the District of Maryland on January 28, 2019. (Letter dated Mar. 4, 2019, Docket Entry No. 40.) In the August 2022 Decision, the Court automatically stayed the action against Blair pursuant to 11 U.S.C. § 362(a). (Aug. 2022 Decision 122.) Defendants have now informed the Court that Blair received a discharge in bankruptcy in December of 2021. (*See* Defs.' Mem. 5; Blair Bankr. Discharge, annexed to Defs.' Mot. as Ex. 1, Docket Entry No. 225-3.)

#### ii. The Oscilloscope Defendants' counterclaims

On June 14, 2019, the Oscilloscope Defendants filed an Answer to Plaintiffs' Amended Complaint in which they responded to Plaintiffs' claims, asserted affirmative defenses, asserted five counterclaims against Plaintiffs, and demanded a jury trial on those claims. (*See* Countercls.) The Oscilloscope Defendants alleged that Deafueh Monbo "threaten[ed] Oscilloscope's licensees and distributors with legal action based on fraudulent trademark

---

[3] On August 30, 2023, the Court ordered Plaintiffs to show cause why the claims against Blair should not be dismissed for the reasons set forth in the August 2022 Decision. (*See* Order to Show Cause dated Aug. 30, 2023, Docket Entry No. 251.)

[4] On November 18, 2022, the Nathan Defendants moved for attorneys' fees and costs pursuant to 17 U.S.C. § 505. (Nathan Defs.' Mot. for Att'ys' Fees & Costs, Docket Entry No. 217.) The motion is pending before the Court.

4

registrations and questionable copyright title." (*See id.* at 25.) They further alleged that "the continued existence of [Plaintiffs'] Trademark Registrations casts a cloud upon Oscilloscope's right to continue to use and to expand the use of its [own mark]." (*Id.* ¶ 95.) The Oscilloscope Defendants seek (1) a judgment pursuant to 15 U.S.C. § 1119 "directing the Commissioner of Patents and Trademarks to cancel [Plaintiffs'] Trademark Registrations on the grounds that they were fraudulently procured . . . or were abandoned," (*id.* ¶ 87); (2) a judgment declaring the parties' respective rights with regard to: (a) authorship, ownership, and permission to use a home video of the 12 O'Clock Boys, whose authorship is disputed, (*id.* ¶¶ 60–69), and (b) the use of excerpts from the home video, (*id.* ¶¶ 70–75); (3) a judgment canceling Plaintiffs' trademark registration for the mark "12 O'Clock Boyz," (*id.* ¶¶ 76–100), and declaring that their use of the mark did not infringe, (*id.* ¶¶ 101–106); and (4) damages for their injury resulting from Plaintiffs' alleged interference with their business relationships, (*id.* ¶¶ 107–110).

## II. Discussion

### a. Standard of review

Certification pursuant to Rule 54(b) of the Federal Rules of Civil Procedure is a "permissive, not mandatory, mechanism to be 'exercised in the interest of sound judicial administration.'" *Ferring B.V. v. Allergan, Inc.*, No. 12-CV-2650, 2016 WL 3390802, at *2 (S.D.N.Y. June 8, 2016) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980)). "Rule 54(b) authorizes a district court to enter partial final judgment 'when three requirements have been satisfied: (1) there are multiple claims or parties, (2) at least one claim or the rights and liabilities of at least one party has been finally determined, and (3) the court makes an "express[] determin[ation] that there is no just reason for delay."'" *Linde v. Arab Bank, PLC*, 882 F.3d 314, 322–23 (2d Cir. 2018) (alterations in original) (quoting *Acumen Re Mgmt. Corp. v.*

*Gen. Sec. Nat'l Ins. Co.*, 769 F.3d 135, 140 (2d Cir. 2014)); *see also Genomma Lab USA, Inc. v. Carruitero*, 763 F. App'x 110, 111–12 (2d Cir. 2019) ("Before certifying a judgment, district courts are required to expressly determine that there are 'no just reasons for delay.'" (citing Fed. R. Civ. P. 54(b))); *SEC v. Frohling*, 614 F. App'x 14, 17 (2d Cir. 2015) (describing conditions under which a district court may enter partial final judgment); *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 355 (2d Cir. 2011) (discussing a district court's ability to find "no just reason for delay" (quoting Fed. R. Civ. P. 54(b))). "The determination of whether there is no just reason to delay entry of a final judgment is a matter committed to the sound discretion of the district court." *Roberts v. Bennaceur*, 658 F. App'x 611, 619 (2d Cir. 2016) (quoting *L.B. Foster Co. v. Am. Piles, Inc.*, 138 F.3d 81, 86 (2d Cir. 1998)); *see also Negrete v. Citibank, N.A.*, No. 15-CV-7250, 2017 WL 2963494, at *2 (S.D.N.Y. July 11, 2017) (noting that the determination of whether just reason for delay exists "is left to the [c]ourt's discretion[,] . . . provided that [the certified claims] are not 'inherently inseparable from' or 'inextricably interrelated to' other claims remaining in the suit" (quoting *HSW Enters., Inc. v. Woo Lae Oak, Inc.*, No. 08-CV-8476, 2010 WL 1630686, at *2 (S.D.N.Y. Apr. 21, 2010))).

"[I]n deciding whether there are no just reasons to delay the appeal of individual final judgments . . . a district court must take into account judicial administrative interests as well as the equities involved." *Roberts*, 658 F. App'x at 619 (alterations in original) (quoting *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011)). "[I]n making the 'express determination' required under Rule 54(b), district courts should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Guippone v. Bay Harbour Mgmt. LC*, 434 F. App'x 4, 6 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)); *see also NYSA Series Tr. v. Dessein*, 631 F. App'x 54, 56 (2d Cir.

6

2015) ("A statement by a district court only of its conclusion, in the language of [Rule 54(b)], that 'there is no just reason for delay,' unaccompanied by any explanation of the assessments that led to that conclusion, would be insufficiently explained." (collecting cases)).

In light of the "historic federal policy against piecemeal appeals," the Second Circuit has cautioned that "[a] certification under Rule 54(b) should be granted only if there are 'interest[s] of sound judicial administration' and efficiency to be served, or, in the infrequent harsh case," where "there exists 'some danger of hardship or injustice through delay which would be alleviated by immediate appeal.'" *Harriscom*, 947 F.2d at 629 (first quoting *Curtiss-Wright Corp.*, 446 U.S. at 8; and then quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (per curiam), *overruled on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987)); *see also, e.g., Kaufman LLC v. Derzaw*, No. 20-CV-1782, 2023 WL 4926214, at *1 (2d Cir. Aug. 2, 2023) ("Rule 54(b) functions as a narrow exception" to the "general principle" that judgment is entered after all claims have adjudicated and "provid[es] immediate appellate review where it is needed to avoid inequitable outcomes"). In determining whether certifying partial final judgment pursuant to Rule 54(b) is appropriate, courts should "consider such factors as whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick*, 642 F.3d at 311 (alteration omitted) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8).

Claims are generally treated as separable within the meaning of Rule 54(b) "if they involve at least some different questions of fact and law and could be separately enforced, or if 'different sorts of relief' are sought." *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106

F.3d 11, 21–22 (2d Cir. 1997) (first citing *United States v. Kocher*, 468 F.2d 503, 509 (2d Cir. 1972); then citing *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 580–81 & n.18 (1980); and then citing 10 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2657 (2d ed. 1983)); *see also Gallo Wine Distribs., L.L.C. v. Niebaum-Coppola Estate Winery, L.P.*, 56 F. App'x 8, 9 (2d Cir. 2003) (stating that claims may be treated as separable "if they involve different questions of fact and law, even if they arose out of the same transaction and occurrence" (citing *Cullen*, 811 F.2d at 711)).

      **b.   The Court declines to certify the August 2022 Decision pursuant to Rule 54(b)**

Defendants argue that because the August 2022 Decision "entirely resolve[d] all of Plaintiffs' claims" against all Defendants except Blair, it is "final" within the meaning of 28 U.S.C. § 1291. (Defs.' Mem. 4.) In support, Defendants argue first, that there is no just reason for delaying entry of judgment since the claims against Blair are effectively dismissed[5] and the Oscilloscope Defendants' counterclaims "do not impede the issuance of Rule 54(b) certification of the dismissal of Plaintiffs' claims" under *Curtiss-Wright Corp* since they are "separate from and not inextricably intertwined with Plaintiffs' dismissed claims." (*Id.* at 6 (citing 446 U.S. at 9)). Second, they argue that "the different relief the Oscilloscope Defendants seek" — money damages and injunctive relief — "independently supports" their motion. (*Id.* at 7.) Third, Defendants argue that "[o]nce the dismissal of Plaintiffs' claims . . . becomes final and non-appealable" they plan to withdraw their counterclaims since "once Plaintiffs' ability to pursue their dismissed claims and challenge the exploitation of the Nathan Documentary has been

---

[5] Defendants concede that Plaintiffs' claims against Blair are "not technically dismissed," but argue that because they are "subject to the same flaws as Plaintiffs' claims against the Nathan Defendants," they were "effectively disposed of" by the August 2022 Decision. (Defs.' Mem. 5.)

finally determined, the Oscilloscope Defendants w[ill] have no remaining business need to pursue [their counterclaims]." (*Id.* at 8–9.) Defendants contend that granting their Rule 54(b) motion will therefore promote judicial efficiency since it may eliminate the Oscilloscope Defendants' need to litigate their counterclaims. (*Id.* at 9.) Fourth, Defendants argue that the equities favor Rule 54(b) certification since "Defendants have an interest in bringing this years-long litigation to a final conclusion" in light of "Plaintiffs' delay and pursuit of baseless arguments," pursuit of "new frivolous arguments," and "continuing to issue false and harmful public statements" about Defendants. (*Id.* at 9–10.)

Defendants satisfy two of the three elements of Rule 54(b). This case involves both multiple claims and multiple parties, satisfying Rule 54(b)'s requirement that the party seeking Rule 54(b) certification demonstrate multiple claims or parties. *See Linde*, 882 F.3d at 322. In addition, Defendants satisfy the requirement that a party must show that "at least one claim or the rights and liabilities of at least one party has been finally determined." *Id.* at 322–23. In the August 2022 Decision the Court dismissed Plaintiffs' claims against all Defendants, with the exception of Blair, and denied Plaintiffs leave to amend. (Aug. 2022 Decision 122–23.)

However, Defendants fail to satisfy Rule 54(b)'s third requirement that the claims the Court disposed of in the August 2022 Decision "are separable from the others remaining to be adjudicated" and "the nature of [these claims] is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Novick*, 642 F.3d at 311 (alteration omitted) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Plaintiffs' claims against Blair are the same as their claims against Defendants and the Oscilloscope Defendants' counterclaims are "closely related" to Plaintiffs' claims.

9

### i. Plaintiffs' claims against Blair are the same as their claims against the other Defendants

In their Amended Complaint Plaintiffs brought sixteen causes of action. (*See* Am. Compl. ¶¶ 206–295.) Twelve of the sixteen claims were brought against all Defendants; fourteen of the sixteen claims named Blair as a Defendant. (*See id.*) In the August 2022 Decision, the Court disposed of Plaintiffs' claims against all Defendants except Blair. (*See* Aug. 2022 Decision.) The remaining claims against Blair are therefore identical to the claims for which Defendants seek an entry of partial judgment. These claims against Blair do not involve "different questions of fact and law," *Advanced Magnetics, Inc.*, 106 F.3d at 21, and are therefore not as separable within the meaning of Rule 54(b).

While Defendants' argument that the August 2022 Decision "effectively disposed of" Plaintiffs' claims against Blair has some merit, (Defs.' Mem. 5), as Defendants concede, the claims against Blair remain pending before the Court. (*See id.* (noting that Plaintiffs' claims against Blair are "not technically dismissed")). These claims are therefore not "finally determined" within the meaning of Rule 54(b) and the Court must consider them in determining whether to enter partial judgment. *Linde*, 882 F.3d at 322–23 (quoting *Acumen Re Mgmt. Corp.*, 769 F.3d at 140).

### ii. The Oscilloscope Defendants' counterclaims are "closely related" to Plaintiffs' claims

The Oscilloscope Defendants' counterclaims are "closely related" to the claims disposed of by the August 2022 Decision. *Novick*, 642 F.3d at 311 (quoting *Harriscom*, 947 F.2d at 629). In the Amended Complaint, Plaintiffs alleged that Defendants: (1) infringed and continue to infringe Plaintiffs' copyrights in the 2001 and 2003 Documentaries; (2) committed contributory copyright infringement by contributing to the unauthorized preparation of the 2013 Documentary

and the Feature Film; (3) committed vicarious copyright infringement because they had the right and ability to supervise each other in the preparation of the 2013 Documentary and the Feature Film; (4) infringed on Taje Monbo's right of publicity by republishing segments that feature him being interviewed in the 2013 Documentary; (5) committed trademark infringement, false designation of origin, passing off, and unfair competition in violation of the Lanham Act by using Plaintiffs' 12 O'Clock Boyz mark in connection with the 2013 Documentary and the Feature Film; (6) committed trademark dilution in violation of the Lanham Act by misidentifying and casting riders as "12 O'Clock Boyz" in the 2013 Documentary and the Feature Film; (7) committed cybersquatting in violation of the Lanham Act by using a domain name that is confusingly similar to Plaintiffs' mark; (8) engaged in trademark infringement in violation of Maryland Code Business Regulation § 1-414 *et seq.*; (9) engaged in trademark infringement, false advertising, and unfair competition under the Maryland common law; (10) engaged in contributory and vicarious trademark infringement in violation of federal law and the Maryland common law; and (11) were unjustly enriched. (Am. Compl. ¶¶ 206–270.) Plaintiffs sought declaratory judgments invalidating the Nathan Defendants' copyright registrations for the 2013 Documentary and for the related 2008 DVDs; a declaratory judgment that the SPE Defendants' Feature Film infringed on their copyright; declaratory and injunctive relief as to the use of the 12 O'Clock Boyz mark; disgorgement of profits; and damages, among other relief. (*Id.* at 69–79.)

The Oscilloscope Defendants' counterclaims concern the same legal issues and arise from the same set of facts as Plaintiffs' claims. The Oscilloscope Defendants seek (1) a declaratory judgment regarding the parties' respective rights to the ownership and use of disputed home video footage, (Countercls. ¶¶ 60–69); (2) a declaratory judgment regarding the parties' rights and obligations with respect to the fair use defense, (*id.* ¶¶ 70–75); (3) a

11

declaratory judgment canceling Plaintiffs' trademarks with respect to the "12 O'Clock Boyz" mark and directing the Commissioner of Patents and Trademarks to cancel Plaintiffs' trademarks on the grounds that they were fraudulently obtained or abandoned, (*id.* ¶¶ 76–100); (4) a declaratory judgment declaring the parties' respective rights to the use of the title "12 O'Clock Boys" with respect to Defendants' documentary, (*id.* ¶¶ 101–106); and (5) damages for Plaintiffs alleged tortious interference with Oscilloscope's business relations, (*id.* ¶¶ 107–110). These claims involve determinations regarding the rights to certain trademarks and footage involving the Twelve O'Clock Boys dirt bike group and are "closely related" to Plaintiffs' claims. *Novick*, 642 F.3d at 311 (quoting *Harriscom*, 947 F.2d at 629). If separate appeals are taken from Plaintiffs' claims and the Oscilloscope Defendants' counterclaims, the Court of Appeals will be required to review the same factual record twice and decide the issue of the parties' rights and liabilities with respect to the disputed home video, documentaries, and feature film. This would not be in the "interest of sound judicial administration." *Curtiss-Wright Corp.*, 446 U.S. at 8, 10 (directing district courts to consider "whether the claims under review [a]re separable from the others remaining to be adjudicated and whether the nature of the claims already determined [i]s such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"); *see also Dessein*, 631 F. App'x at 56 (remanding where "all of the defendants [we]re alleged to have engaged in the challenged conduct" and therefore if the district court entered partial judgment as to some defendants and then dismissed the claims against the other defendants on the same grounds "the appeals with regard to this case would require the attention of two panels of this Court"). The Oscilloscope Defendants' counterclaims are

therefore not separable within the meaning of Rule 54(b) from the claims the Court disposed of in the August 2022 Decision. *Advanced Magnetics, Inc.*, 106 F.3d at 21–22.[6]

### iii. The Court declines to enter judgment as to the remaining Defendants at this time

The judicial administrative interests and the equities involved weigh against certifying partial judgment at this time. Defendants have not shown that hardship or injustice is likely to result if they are required to wait for disposition of the entire case. *See Kaufman LLC*, 2023 WL 4926214, at *2 (remanding where there was "no indication that [defendants] would suffer any pecuniary harm or that public concerns militate[d] against postponing appellate review until the district court ha[d] disposed of all claims in the case"); *Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1025 (2d Cir. 1992) (finding that the district court abused its discretion in entering judgment on some claims pursuant to Rule 54(b) where there was no indication "that the case was an exceptional one or that there would be any unusual hardship in requiring [the moving parties] to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review of the dismissal of their claims"); *Estate of Smith v. Cash Money Recs., Inc.*, No. 14-CV-2703, 2017 U.S. Dist. LEXIS 164709, at *4 (S.D.N.Y. Oct. 4, 2017) (denying a motion to enter partial judgment pursuant to Rule 54(b) on the grounds that plaintiffs were "not waiting to collect on a judgment and ha[d] not sufficiently demonstrated any true hardship or injustice that warrant[ed] departing from the standard federal policy against piecemeal appeals"). Defendants' "interest in bringing this years-long litigation to a final

---

[6] Because the Court finds that as to Blair and the Oscilloscope Defendants, "the same or closely related issues remain to be litigated," *Novick*, 642 F.3d at 311 (quoting *Harriscom*, 947 F.2d at 629), it does not reach the question of whether there is "no just reason [to] delay" entry of judgment pursuant to Rule 54(b), *see Info. Res., Inc. v. Dun & Bradstreet Corp.*, 294 F.3d 447, 451, n.1 (2d Cir. 2002).

conclusion," (Defs.' Mot. at 9–10), is not an exceptional condition that would justify the Court's departure from the "historic federal policy against piecemeal appeals," *Novick*, 642 F.3d at 310 (quoting *Curtiss-Wright Corp.*, 446 U.S. at 8). Defendants have not shown that waiting "in accordance with normal federal practice . . . [for] the disposition of the entire case" would cause them "unusual hardship," *Hogan*, 961 F.2d at 1025, and have therefore failed to demonstrate that there is "no just reason for delay," as required by Rule 54(b). Accordingly, the Court declines to enter partial judgment pursuant to Rule 54(b) at this time.

### III. Conclusion

For the foregoing reasons, the Court denies Defendants' motion for Rule 54(b) certification.

Dated: September 21, 2023
      Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge